OPINION OF THE COURT
Bentley Kassal, J.
Petitioners seek an order, pursuant to CPLR article 78, annulling a determination of the respondent, Conciliation and Appeals Board (Board). This order permits a change from master electric metering to individual submetering at the Hotel Bolivar (a class B multiple dwelling), together with a corresponding rent reduction, and is challenged as being in violation of the law, unreasonable, arbitrary and capricious. At present, there is a temporary restraining order enjoining any such conversion.
Petitioners argue that, under part 1 (§ 2, subd [p]) of the Metropolitan Hotel Industry Stabilization Association Code, the electricity that is presently provided on a master metering basis is a "required service” and cannot be diluted by arbitrary action of the Board. Further, the order of reduction in rental per apartment is unreasonable as it does not properly compensate the tenants for the elimination of said service, bears no reasonable relationship to the cost of electric con *375 sumption and fails to take into account the number of air conditioners in each apartment.
Petitioners are permanent tenants under the Rent Stabilization Law who, at any time since May 31, 1968, have continuously resided in the same hotel as a principal residence for a period of at least six months.
Subdivision (p) of section 2 of the Hotel Code as far as pertinent provides:
" 'Required Services’ — that space and those services which were furnished or were required to be furnished for the hotel dwelling unit on May 31, 1968 or on the date of the initial commencement of the tenancy whichever is later. These shall to the extent so furnished or required to be furnished, include repairs, decorating and maintenance.
"Where services to a hotel tenant were provided by an independent contractor pursuant to a contract with the owner such charges shall be excluded from the provisions of this Code, provided that the tenant, if he wanted the service, paid for the same separately on May 31, 1968, or on the commencement of his tenancy if subsequent thereto”.
Matter of Sendar (NYLJ, Oct. 5, 1977, p 10, col 2), affirmed by the Appellate Division (65 AD2d 965), is determinative of the present matter. That case holds that where a rent reduction is granted, along with the approval of electricity exclusion, and it is based on apartment size as well as independent study of electrical usage, the action of the Board does not constitute a reduction in required services. Rather, it is simply a change in the method of billing.
As stated by Justice Korn in the Sendar case (supra): "The elimination of rental inclusion electricity may by itself constitute an erosion of the stabilized rent. However, this has been permitted in certain circumstances where particular safeguards have been provided or where overriding concerns were present.”
There is no rationale for distinguishing between permanent residential hotel and an apartment house in this respect, and the regulatory provisions are not so dissimilar as to call for different results.
It is also clear from the evidence submitted that the Board did take into consideration apartment size as well as reports made by electrical consultants. Further, the Board has a procedure whereby, approximately one year from commence *376 ment of electrical exclusion, an accurate reduction can be computed by comparison of prior and subsequent bills.
The determination of the Board has a rational basis in law and fact and is not unreasonable, arbitrary or capricious. The motion is denied.
In order to enable petitioners to have a reasonable period to apply for individual service from Con Edison, the order to be submitted herein shall provide that the stay issued November 6, 1978 shall be vacated on the 30th day after service of the order on the attorney for petitioners.